It would seem that the object of the testator was to reconcile and unite in principle the two sects, one of which was called "The Associate Seceding Party," the other "The Associate Reformed Party." To the first party the testator belonged; the church of Gilead belonged *Page 148 
to the latter. The testator directs that his property shall be formed into a fund to pay a preacher of his own religious principles to preach at the church of Gilead. That church have rejected any benefit intended for them by that devise; they will not accept of it. The testator's own party, the Associate Seceding Presbyterians, pray the benefit of it and that it may be vested, cy pres, in a church erected by them very near to the church of Gilead. This we think cannot be done. As the object of the testator cannot be effected, we cannot direct the fund to be applied to any other.
PER CURIAM. Let the bill of the plaintiffs, McAuley and Beard, be dismissed; and on the bill of the heirs at law and next of kin, let an account be taken, and let all costs be paid out of the fund.
Cited: Holland v. Peck, 37 N.C. 262; Bridges v. Pleasants, 39 N.C. 30;Lemmond v. Peoples, 41 N.C. 140; Trustees v. Chambers, 56 N.C. 258;Faribault v. Taylor, 58 N.C. 222; Keith v. Scales, 124 N.C. 515. *Page 149